# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY C. LUTON,   No. 2:17-CV-1057-KJM-CMK

      Plaintiff,

  vs.   ORDER

JAMS, et al.,

      Defendants.

_____/

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names the following as defendants: (1) "JAMS Alternative Dispute Resolution," and (2) Fred K. Morrison, the arbitrator. Plaintiff's claim in its entirety is as follows:

> I was turned into Chexsystems. It affected the outcome of a loan. While the original suit was under way, U.S. Bank removed me from Chexsystems resulting in an admission by all standards of evidence. My focus on providing evidence that Chexsystems had the ability to affect my credit rating was established as well, other typed of direct influence on credit.
> Parts of the whole proceeding were on the measure of bias; the defendant(s) never answered any of my claims with any denial and missed one of the phone conferences. No options were presented. If those actions had consequences, sanctions, I never knew it.
> A call to Ms. Donovan had her lying to the Arbitrator, as to, does the agreement require clients to lock up their checks. The Arbitrator had just read it, it does not. Ms. Donovan answered yes. The lie is also stated on the denial from the Fraud Liaison Unit.
> The Arbitrator raises his head in my direction, points his pen and states, "I'll have you a settlement letter in a month."

While plaintiff alleges that this action raises a federal question, plaintiff has not identified any federal issue as against either of the named defendants. Plaintiff will be provided an opportunity to amend the complaint to allege facts supporting a federal claim against either defendant. Plaintiff is cautioned that failure to file an amended complaint within the time provided may result in dismissal of the entire action for failure to comply with court rules and orders. See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

DATED: September 19, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE