1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TIMOTHY C. LUTON,                          No.  2:17-CV-1057-KJM-DMC-P

12                   Plaintiff,

13            v.                                 FINDINGS AND RECOMMEDNATIONS

14    JAMS, et al.,

15                   Defendants.

16

17            Plaintiff, proceeding pro se, brings this civil action for negligence and gross

18    negligence.  Pending before the court is Plaintiff's first amended complaint (Doc. 6).  Plaintiff

19    alleges the defendants were negligent and grossly negligent during an arbitration proceeding.  For

20    the reasons set forth below, this Court recommends this action be dismissed.

21

22            **I.  SCREENING REQUIREMENT AND STANDARD**

23            The court is required to screen complaints brought by litigants who have been

24    granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening

25    provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious;

26    (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a

27    defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).  Moreover,

28    pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court

                                            1

determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations arise from a private arbitration proceeding. Plaintiff alleges that JAMS and Fred K. Morrison, the arbitrator, were negligent in failing to adhere to guidelines during the arbitration and for disregarding evidence during the arbitration, and grossly negligent because of the magnitude of the harm to others. Plaintiff further alleges that JAMS was negligent in failing to review the competency of the arbitrator.

## III. ANALYSIS

Plaintiff asserts that his allegations are actionable. However, Plaintiff raises only claims based on a "negligence" theory of liability, none of which "arise under" federal law. For that reason, this court does not have federal question jurisdiction in this case. See 28 U.S.C. § 1331. Further, Plaintiff has provided no indication and pleaded no facts that would indicate this court has diversity jurisdiction over this case. See 28 U.S.C. 1332. Thus, this Court lacks subject matter jurisdiction. For that reason, this case must be dismissed for lack of jurisdiction.

## IV. AMENDING THE COMPLAINT

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought,

1   the court considers the following factors: (1) whether there is a reasonable relationship between

2   the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

3   judicial economy and will promote the speedy resolution of the entire controversy; (3) whether

4   there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay

5   a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced

6   by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to

7   amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v.

8   Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

9           Plaintiff was previously granted leave to amend and instructed to plead a cause of

10   action this court can exercise jurisdiction over, or to state how this court has jurisdiction over the

11   negligence and gross negligence claims.  Plaintiff has failed to do either.  Additionally, in reading

12   the first amended complaint it does not appear possible for Plaintiff to cure the jurisdictional issue

13   through amendment.  Thus, the complaint should be dismissed without leave to amend.

14

15                          **V.  CONCLUSION**

16           Based on the foregoing, the undersigned recommends that this case be dismissed

17   with prejudice.

18           These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court.  Responses to objections shall be filed within 14 days after service of

22   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

23   Martinez v. Ylst,951 F.2d 1153 (9th Cir. 1991).

24

25   Dated:  November 19, 2018

26                                   DENNIS M. COTA

27                                   UNITED STATES MAGISTRATE JUDGE

28